IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY C. LOMACK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 1:05-CV-1212-DRB |
| ) | [wo] |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION

On June 22, 2006, this court entered a *Final Judgment* remanding this case to the Commissioner of Social Security for further proceedings pursuant to *sentence four* of 42 U.S.C. §405(g). (Docs. 20 and 21). Submitted now is the *Application for Attorney Fees Under the Equal Access to Justice Act* ("EAJA") filed by Plaintiff Ray C. Lomack ("Plaintiff") on August 10, 2006, and duly docketed as a *Motion* (Doc. 22). The Commissioner "does not contest Plaintiff's request[,] asks the court to award $3,834.42...and requests that the Court's order reflect that EAJA fees should be made payable to Micki Beth Stiller, attorney for Plaintiff." (*Defendant's Response*, Doc. 24, Aug. 24, 2006).

Plaintiff seeks a total award of *$3,834.42*, consisting of *$3,828.72* for attorney's fees to his counsel of record and *$5.70* as expenses. Plaintiff's *Motion* is timely filed,[1] and he is a "prevailing

---

[1] Citing July 22, 2006 as his filing deadline, Plaintiff requests this court "to accept the tardiness of this application for attorney fees." *Mot.* at 1. The Commissioner concurs that "Plaintiff's application for attorney's fees under the EAJA is not timely filed." *Defendant's Response* at 1. The parties are mistaken as the law clearly provides to prevailing parties 90 days, rather than 30 days, from entry of final judgment, to petition for EAJA fees:

> EAJA applications may be filed within 30 days of a judgment becoming "not appealable." In civil cases to which a federal officer is a party the time for appeal ends 60 days after the entry of judgment. Therefore, EAJA applications must generally be filed within 90 days of judgment being entered
>
> (continued...)

party" within the meaning of 28 U.S.C. §2412(d)(1)(A), in that the court remanded this case for further consideration. Plaintiff has documented inflationary increases in the consumer price index which authorize an increase from the $125.00 hourly fee specified in the EAJA to the requested hourly rate of $159.53. This hourly rate is reasonable as are the 24.0 hours expended for itemized legal services between November 10, 2005 and August 9, 2006. The court also finds reasonable the claimed expenses for photocopying.

Accordingly, it is the **ORDER, JUDGMENT, and DECREE** of this court that Plaintiff's *Motion* (Doc. 22) is **GRANTED** for an award of attorney's fees and expenses in the total amount of **$3,834.42,** payable to Plaintiff's counsel, Micki Beth Stiller.

DONE this 6th day of September, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

$^1$(...continued)
by a district court. *Singleton v. Apfel*, 231 F. 3d 853, 855 n. 4 (11th Cir. 2000)(internal citations omitted); *see also Melkonyan v. Sullivan*, 501 U.S. 89 (1991)("In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable.")

Even if the court deemed untimely the fee petition filed 48 days after entry of final judgment, equity dictates its consideration given the Petitioner's stated good cause for the inadvertent delay and the Commissioner's stated lack of opposition both to the court's review and the requested fees. *See Scarborough v. Principi*, 541 U.S. 401, 413-423 (2004) (explaining that EAJA's time limitation is not jurisdictional); *see also Townsend v. Cybriwsky*, 415 F. 3d 578, 583 (6th Cir. 2005)("[B]ased on the Supreme Court's decision in *Scarborough*, the EAJA time limitation for fee applications is subject to equitable tolling.")